# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| DISH NETWORK, L.L.C., § | | |
| ECHOSTAR TECHNOLOGIES § | | |
| L.L.C. AND NAGRASTAR L.L.C. § | | |
| § | | |
| VS. § | | Case No. 4:08cv262 |
| § | | |
| CHARLES (CHUCK) GROOME, A/K/A § | | |
| CHARLES (CHUCK) GROOMS D/B/A § | | |
| FTA ELECTRONICS AND D/B/A § | | |
| HUGO TV & COMPUTER § | | |

## **MEMORANDUM OPINION AND ORDER GRANTING SUMMARY JUDGMENT**

Now before the Court is Plaintiffs' Motion for Summary Judgment (Dkt. 24). In their motion, Plaintiffs seek summary judgment against Defendant Charles (Chuck) Groome (d/b/a FTA Electronics and d/b/a Hugo TV and Computer) for liability and statutory damages pursuant to 47 U.S.C. § 605.

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549, 119 S. Ct. 1545, 143 L. Ed.2d 731 (1999). The appropriate inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986).

The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel,* 274 F.3d 984, 991 (5th Cir. 2001). In sustaining this burden, the movant must identify those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553, 91 L. Ed.2d 265 (1986). The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996).

In response, the nonmovant's motion "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255-57, 106 S. Ct. at 2513-14). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show that there is a genuine issue for trial. *Stults*, 76 F.3d at 655. The citations to evidence must be specific, as the district court is not required to "scour the record" to determine whether the evidence raises a genuine issue of material fact. E.D. TEX. LOCAL R. CV-56(d). Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Stults*, 76 F.3d at 655.

In this case, Plaintiffs contend that they are entitled to summary judgment as there truly is no genuine issue as to the truth of fact that Defendant was a dealer in DISH Network piracy technology and that Defendant created and/or sold and/or distributed for commercial profit at least 135 piracy devices. Plaintiffs claim they are entitled to judgment against Defendant as a matter of law.

Plaintiffs' motion was filed on September 11, 2009. After Defendant, who is proceeding *pro se,* did not file a timely response to the motion, the Court entered an order giving Defendant until December 18, 2009 to file any response in opposition to the motion (*see* Dkt. 31). In that order, Defendant was notified that if he did not respond by the deadline the Court would assume that he did not oppose the relief requested and proceed accordingly.

Despite the Court's clear order, Defendant did not file any summary judgment response by the deadline, and, to date, Defendant has made no motions to the Court attempting to show good cause for his failure to respond, nor has he filed any summary judgment evidence whatsoever in this matter. In accordance with Local Rule CV-7(d), the Court thus assumes that Defendant's failure to respond to the motion for summary judgment indicates he is not opposed to it and that he concedes that there is no genuine issue of material fact as to the claims here. Defendant has not objected to or otherwise controverted any of Plaintiffs' summary judgment evidence or arguments. The Court will not – and indeed is not required to – scour the record in this matter to determine whether Defendant could create a genuine issue of material facts as to the claims here. The non-movant's burden in summary judgment proceedings is clear. *See Ragas*, 136 F.3d at 458; *Stults*, 76 F.3d at

655. Defendant simply has not sustained his summary judgment burden.

Morever, the Court notes that, although Plaintiffs do not have the ultimate burden on summary judgment, the evidence offered by Plaintiffs supports their summary judgment argument. Therefore, having reviewed the record before it, the Court finds that the motion should be GRANTED and finds that the Plaintiffs are entitled to a Judgment against the Defendant, Charles Groome and it is:

**ORDERED, ADJUDGED AND DECREED**, that final Judgment in favor of the Plaintiffs and against the Defendant, Charles Groome, is hereby granted and ordered and entered as follows:

1. Statutory damages of $337,500.00 pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) for the Defendant's 135 violations of 47 U.S.C. § 605(e)(4);
2. Costs pursuant to 47 U.S.C. § 605(e)(3)(B)(iii);
3. Attorneys' fees pursuant to 47 U.S.C. § 605(e)(3)(B)(iii); and
4. Post judgment interest running on the judgment pursuant to 26 U.S.C. § 1961.

It is **FURTHER ORDERED** that pursuant to Title 47 U.S.C.§ 605(B)(i) and traditional equitable considerations, a Permanent Injunction is entered against the Defendant, Charles Groome, and all other persons acting or claiming to act on his behalf or under his direction or authority and all persons acting in concert or in participation with him are hereby **ENJOINED** from:

1. Manufacturing, importing, offering to the public, providing, modifying, or otherwise trafficking in any so called "Free to Air" (FTA) receivers, internet-enabled FTA receiver or dongle-adapted FTA receiver that has been modified without

authorization, any DISH Network satellite pirating device *regardless of form*, including pirate software, or any other technology, product, service, device, component, or part thereof, that:

a. is primarily designed or produced for the purpose of circumventing the encryption protection contained in the software on NagraStar's smart cards or contained within EchoStar Technologies' receivers or any other technological measure adopted by DISH Network and/or EchoStar Technologies and/or NagraStar that effectively controls access to copyrighted programming or effectively protects the exclusive rights afforded the owners of copyrighted programming;

b. has only limited commercially significant purpose or use other than to circumvent DISH Network's encryption access control protection or any other technological measure adopted by DISH Network and/or EchoStar Technologies and/or NagraStar that effectively controls access to copyrighted programming or effectively protects the exclusive rights afforded the owners of copyrighted programming;

c. is knowingly marketed by Defendant and/or others acting in concert with them for use in circumventing DISH Network's encryption access control protection or any other technological measure adopted by DISH Network and/or EchoStar Technologies and/or NagraStar that effectively controls

access to copyrighted programming or effectively protects the exclusive rights afforded the owners of copyrighted programming.

2. Assembling, modifying, selling, advertising, marketing, possessing, transporting, and/or distributing through any means any FTA receiver or internet-enabled FTA receiver or dongle-adapted FTA receiver that has been modified without authorization or any other electronic, mechanical, or other devices, including FTA receivers, internet-enabled FTA receivers or dongle-adapted FTA receivers that have been programmed with pirate software, the design of which renders them *primarily useful* for the purpose of the unauthorized interception of DISH Network's signals.

3. Assembling, modifying, selling, advertising, marketing, possessing, transporting, and/or distributing through any means any DISH Network satellite pirating device *regardless of form*, including pirate software, or any other technology, product, service, device, component, or part thereof, that is *primarily useful* for the purpose of the unauthorized interception of DISH Network's signals.

4. Assembling, modifying, selling, advertising, marketing, possessing, transporting and/or distributing through any means any type of FTA receivers, internet-enabled FTA receivers or dongle-adapted FTA receivers, where the Defendant or those acting with the Defendant are:

   a. programming the FTA receivers, internet-enabled FTA receivers or dongle-adapted FTA receivers with modified FTA/IKS software or other piracy

software before distribution to the receiver customers; and/or

b. distributing, in any manner, modified FTA/IKS software or other piracy software to the FTA receiver, internet-enabled FTA receiver, dongle-adapted FTA receiver or dongle (or similar internet connection device) customers, including but not limited to distributing the modified FTA/IKS software or other piracy software by e-mail attachments or distributing the modified FTA/IKS software or other piracy software by delivering the software contained on a software of holding device; and/or

c. directing, in any way, the FTA receiver, internet-enabled FTA receiver, dongle-adapted FTA receiver or dongle (or similar internet connection device) customers to piracy websites, piracy forums, and/or piracy chat rooms where the modified FTA/IKS software or other piracy software is available (pirate websites);

d. utilizing third parties such as so-called "installers" to effectuate having the FTA receiver, internet-enabled FTA receiver, dongle-adapted FTA receiver or dongle (or similar internet connection device) customers' receiver ultimately programmed with modified FTA/IKS software or other piracy software;

e. subsidizing the pirate websites, including subsidizing the pirate websites through advertising on the pirate websites;

  f. utilizing website hyperlinks back and forth between any websites operated or controlled by Defendant and the piracy websites;

  g. selling or distributing peripheral devices which are of assistance to the FTA receiver, internet-enabled FTA receiver, dongle-adapted FTA receiver or dongle (or similar internet connection device) customers to effectuate the unauthorized interception of DISH Network signals, including but not limited to, an 8PSK board; this device is designed to effectuate the receipt of Dish Network's signals in a high-definition mode and satellite dish antennas which are designed to receive premium channel satellite signals as opposed to true FTA signals.

It is **FURTHER ORDERED** that the other counts of the Plaintiffs' Complaint are dismissed without prejudice.

*Within 10 days of the date of this Order, Plaintiffs' shall submit its attorneys' fees and costs information to the Court.*

**IT IS SO ORDERED.**

**SIGNED** this 3rd day of February, 2010.

*/s/ Don D. Bush*
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE